# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**NICHOLAS ADDISON**                                                                    **PLAINTIFF**

**v.**                                    **CASE NO. 3:15-CV-00314 BSM**

**JOEY MARTIN**                                                                         **DEFENDANT**

## ORDER

Plaintiff Nicholas Addison forwarded a letter requesting clarification on his restricted filer status [Doc. No. 20].  By way of background, Addison was placed on a district-wide restricted filer list after most of his over seventy cases filed in the United States District Court for the Eastern District of Arkansas had been dismissed as frivolous.  *See* Doc. No. 19 (sampling cases); *Webb v. Caldwell*, Case No. 1:15-CV-00059-DAK, 2016 U.S. Dist. LEXIS 103629, at *7 (D. Utah Aug. 5, 2016) ("Federal courts have the inherent power to regulate activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances.").  The clerk's office was directed to refrain from filing Addison's papers unless prior approval was given.  Doc. No. 19.

Addison has continued to send pleadings regarding a variety of issues to the clerk's office.  He has submitted (1) complaints alleging a host of grievances, *see, e.g.,* Ex. A (listing multiple plaintiffs and claiming that he appeared before judges with a conflict of interest; judges set high bonds; courts are keeping defendants in jail without offering plea deals; people are scaring prisoners to take offers; courts are racist; police are playing good cop/bad cop); (2) letters referencing persons and cases not before the district court, *see, e.g.,* Ex. B

(cover letters returning a letter referencing the same individual on two different occasions); and (3) filings on behalf of a class of prisoners with only allegations referencing himself, *see, e.g.,* Ex. A (providing a signature list of other plaintiffs). Recently, he forwarded his materials to the Eighth Circuit Court of Appeals, and the Eighth Circuit sent those materials to the district clerk for filing. He has also submitted duplicate copies of complaints previously submitted (and returned).

As a restricted filer who can no longer proceed *in forma pauperis* because he long-exhausted his ability to do so under 28 U.S.C. § 1915(g), each of Addison's submissions without an accompanying filing fee are reviewed by me and my staff before filing. When Addison fails to state a claim or fails to demonstrate how he meets an exception to proceed *in forma pauperis*, the clerk's office is instructed not to file the complaint and to return the filing to him. *See, e.g.,* Ex. C (sample of cover letters).

Addison has requested instructions on how to obtain prior approval for filing. He is hereby instructed that it is the clerk's office, not Addison, that must obtain prior approval before Addison's papers can be filed. Each of Addison's filings is reviewed to determine whether approval for its filing should be given. So, there is nothing more that Addison can do except pay the filing fee or otherwise escape the three-strike ban to proceed *in forma pauperis*. Until then, Addison's frivolous filings will be returned to him as has been done for the past thirteen months.

IT IS SO ORDERED this 11th day of May 2017.

_____
UNITED STATES DISTRICT JUDGE